IN THE UNITED STATES COURT FOR THE DISTRICT OF PUERTO RICO
BEFORE HONORABLE DANIEL R. DOMÍNGUEZ

| | | | |
|---|---|---|---|
| MINUTES OF PROCEEDINGS | | DATE: | January 20, 2015 |
| Criminal No. 13-0162 (DRD) | | Began: | 6:30 p.m. |
| Law Clerk: Manuel Franco | | Ended: | 7:40 p.m. |

**United States of America,**
     Plaintiff

Represented By: Craig Y. Lee, and Jon B. Jacobs

v.

**Thomas Farmer,**
     Defendant

Represented By: Terrance Gilroy Reed, Joseph C.
     Laws

---

A **Pretrial Conference** was held today. The Conference began at 6:30 p.m. and ended at 7:40 p.m. The Court noted that the trial in the instant case is currently scheduled to begin on January 26, 2015 and is anticipated to last for about a month. However, the Court informed the parties that it is presiding over a criminal case, 13-cr-622 (DRD), which may last until Monday, January 26, or Tuesday, January 27. Further, counsel for the defense, Mr. Joseph Laws, just culminated a trial moments before the instant conference and may require more than a week for trial preparation. Therefore, after conferring with the parties, the trial is hereby rescheduled to begin on February 9, 2015.[1]

The Court next turned to the jury questionnaires. The parties each submitted their proposed jury questionnaires along with the objections to specific questions that were included by the other party. The Court set a telephone conference for Thursday, January 22, 2015, at 5:00 p.m. to discuss these matters in more detail and issue a final ruling.

Moving along, the defense reiterated its arguments as to why documents related to a price-fixing scheme that occurred in Alaska should be disclosed by the Government. See Docket No. 185. The Government stated that the Alaska scheme is one of the many means and methods of the overarching conspiracy in this case. However, according to the

---

[1] Mr. Craig Lee, counsel for the Government, reiterated to the Court that he will be unavailable on the dates of February 23 and 24. The Court stated that the trial will be stopped on those dates of conflict and resume on February 25.

Government, Defendant was not involved in the Alaska scheme nor will any evidence of the Alaska scheme be offered against him at trial. Consequently, the Government argues that disclosure is unwarranted. After careful consideration of the arguments on both sides, the Court ordered that the Government disclose these documents to Defendant.

Subsequently, the defense reiterated their desire to obtain the chain-of-custody documents that are related to the "spoliated" notebooks of Peter Baci and Gregory Glova. See Docket No. 144. The Government retaliated by stating that this issue is moot because no longer will any evidence that stems from these notebooks be offered into evidence at trial. It should be noted that Defendant was recently authorized by the Court to pursue an independent investigation into this matter.

However, with respect to any inquiry of this nature, the Government argued that the investigation should be limited to consensual interviews of the parties involved. The Government was adamant that subpoenas are available to summon a witness to appear only at trial or for a deposition. Regarding depositions, the Government cited certain case law that stands for the proposition that a criminal defendant is precluded from using depositions as a discovery device in criminal cases. In the same vein, the Government stated that depositions are generally available only to preserve testimony in criminal cases. After acknowledging these principles, the Court stated that—if any trial witness does not consent to Defendant's request for an interview regarding this spoliation issue—it may have to hold a hearing outside the presence of the jury during their testimony at trial.

Next, the defense reargued its position that any evidence that stems from the imaged laptop must be excluded based on the fruit-of-the-poisonous-tree doctrine. See Docket No. 135. Defendant avers that the Government violated the terms of the search-and-seizure order; hence, any evidence that was generated by this illegal seizure should be excluded. The Government states that that portion of the search-and-seizure warrant is inapplicable

because the laptop was not taken off site. The Court stated that it would evaluate the admissibility of each piece of evidence that was found on the laptop on an individual basis at trial.

Finally, the Court ordered Defendant to file an informative motion on or before Friday, January 23, 2015, at 5:00 p.m. that specifies what matters are still pending in this case. The Government is hereby granted until Tuesday, January 27, 2015, to respond.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of January, 2015.

/s/ *Daniel R. Domínguez*
Senior U.S. District Judge