IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**
Plaintiff

v.

**THOMAS FARMER**
Defendant

Criminal No. 13-162 (DRD)

## OPINION AND ORDER

Thomas Farmer ("Defendant") is charged with violating the Sherman Act, see 15 U.S.C. § 1, by engaging in a combination and conspiracy to suppress and eliminate competition by agreeing to fix rates and surcharges for Puerto Rico freight services. Docket No. 1. Pending before the Court is Defendant's motion to dismiss the indictment. Docket No. 133. The intricacies of each of Defendant's proposed avenues for relief shall be expounded upon in seriatim fashion.

I. **REQUESTS TO DISMISS THE INDICTMENT BECAUSE IT PURPORTEDLY ALLEGES MULTIPLE CONSPIRACIES AND/OR IS DUPLICITOUS**

The Court begins by emphasizing that it is for the jury to decide the factual question of whether or not multiple conspiracies existed. See e.g. United States v. Niemi, 579 F.3d 123, 127 (1st Cir. 2009); and United States v. Monserrate-Valentin, 729 F.3d 31, 42 (1st Cir. 2013). However, Defendant argues that the particular circumstances of this case require that the Court decide the matter instead. Regardless, this novel question of law need not be addressed as Defendant's premise is flawed.

- 2 -

The entire argument is built on the idea that the Government somehow admitted that Defendant is being charged with two separate conspiracies. The Court disagrees. The Government has charged Defendant with participating in a combination and conspiracy to suppress and eliminate competition by agreeing to fix rates and surcharges for Puerto Rico freight services. Further, the Government has consistently maintained that the particular price-fixing scheme alleged is only one of several means and methods used to achieve the objectives of the overarching conspiracy. Hence, consistent with the Government's opposition, the Court is not persuaded that what Defendant calls a separate conspiracy is not simply a different facet of this larger overarching conspiracy. Therefore, the request for dismissal on multiple-conspiracy grounds is hereby **DENIED**. Defendant's duplicity argument, moreover, must fall in the same fashion as the Court (assuming that it is for the Court to decide) is not persuaded that the indictment charges multiple conspiracies. Hence, a **DENIAL** of Defendant's duplicity request shall be entered as well.

II. **REQUESTS TO DISMISS THE INDICTMENT BECAUSE IT FAILS TO ALLEGE ESSENTIAL FACTS AND/OR ESSENTIAL ELEMENTS OF A SHERMAN ACT VIOLATION**

"In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. Honoring this sacred provision, the Federal Rules of Criminal Procedure state that "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." Fed. R. Crim. P. 7(c)(1). Compliance with these fundamental provisions requires that "[a]n indictment . . . set forth each element of the crime that it

charges." Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)); see also United States v. Resendiz-Ponce, 549 U.S. 102, 107 (2007).

The elements of a price-fixing conspiracy are: "[i] the existence of an agreement or conspiracy [ii] among actual competitors [iii] that had the purpose or effect of raising, depressing, fixing, pegging, or stabilizing prices [iv] in interstate commerce." In re Urethane Antitrust Litigation, 768 F.3d 1245, 1250 (10th Cir. 2014). Moreover, the indictment should state the essential facts that connect a defendant to each element of the offense charged.

As the Court has alluded to on various occasions, the indictment adequately alleges each element of a price-fixing conspiracy. Also, a cursory review of the indictment—which is five-pages long despite charging only one defendant—reveals that it meticulously details the actions taken by Defendant and his co-conspirators in furtherance of this conspiracy. This analysis of the indictment's text is the end of the matter because "[w]hen grading an indictment's sufficiency, . . . '[w]hat counts . . . are the charging paper's *allegations* which we must assume are true.'" (emphasis in original). United States v. Guerrier, 669 F.3d 1, 3-4 (1st Cir. 2011) (citing United States v. Bohai Trading Co., 45 F.3d 577, 578 n. 1 (1st Cir. 1995)); see also Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 343 n. 16 (1952) ("It should not be necessary to mention the familiar rule that, at this stage of the case, the allegations of the indictment must be taken as true."). Therefore, given the adequacy of the allegations in the indictment, the Court must **DENY** both of Defendant's latest requests.

## III. REQUEST TO DISMISS THE INDICTMENT BECAUSE IT VIOLATES DEFENDANT'S FIRST AMENDMENT RIGHTS

In support of this request, Defendant touts the *Noerr-Pennington doctrine*. "The *Noerr–Pennington* doctrine, resting on Supreme Court interpretations of the Sherman Act, reads that statute not to extend to petitions or other representations aimed at legislators, even where the motive and effects are to secure legislation to forestall competition and such efforts use deception and other improper methods." (emphasis in original). Saint Consulting Group, Inc. v. Endurance American Specialty, 699 F.3d 544 (1st Cir. 2012) (footnote omitted) (citing E. R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961); and United Mine Workers v. Pennington, 381 U.S. 657 (1965)).

At the outset, the Court notes that the indictment does not describe a factual scenario that would support the applicability of the *Noerr-Pennington doctrine*. Moreover, given the absence of supporting evidence at this pretrial stage and the potential to improperly invade the province of the jury, the Court should be cautious before accepting Defendant's untested proffers. Hence, as alluded to before, this analysis of the indictment's text is the end of the matter because "[w]hen grading an indictment's sufficiency, . . . '[w]hat counts . . . are the charging paper's *allegations* which we must assume are true.'" Guerrier, 669 F.3d at 3-4 (emphasis in original) (citing Bohai Trading Co., 45 F.3d at 578 n. 1); see also Boyce Motor Lines, 342 U.S. at 343 n. 16 ("It should not be necessary to mention the familiar rule that, at this stage of the case, the allegations of the indictment must be taken as true.").

Defendant will have the opportunity to properly develop this defense at trial.

However, even when looking beyond the text of the indictment and interpreting the *Noerr-Pennington doctrine* liberally, Defendant's argument appears to be dubious. The *Noerr-Pennington doctrine* is founded on the core values of the First Amendment. Although conscious of a person's First Amendment right to lobby lawmakers to enact laws in their favor, the Court is not persuaded by Defendant's proffers that this scenario occurred here. Defendant appears to be arguing that the price-fixing conspiracy of bunker-fuel surcharges was done to convince the regulating agency to accept the secretly agreed-upon surcharge rates. However, as there is no indication that the regulating agency suspected a conspiracy, it would appear that the conspirators tricked the agency into altering the surcharge prices instead of persuading them by legitimate means. In any event, this request is **DENIED** without prejudice.

## IV. REQUEST TO DISMISS THE INDICTMENT BECAUSE IT VIOLATES THE DUE PROCESS CLAUSE AND/OR THE STATUTORY SCHEME VIOLATES THE *VAGUENESS DOCTRINE*

Defendant next relies on the Due Process Clause and the *vagueness doctrine* in an effort to persuade this Court to disallow evidence of bunker-fuel surcharges. Specifically, Defendant purports that the Government seeks to authorize the bunker-fuel surcharges while simultaneously punishing Crowley and its employees for violating antitrust laws with respect to these same surcharge rates. Defendant proposes that this contradiction cannot survive constitutional scrutiny, and that the Court should dismiss the indictment accordingly.

However, as pointed out by the Government, the flaw in Defendant's Due Process argument is that "the Sherman Act prohibits collusive <u>agreements</u>, not specific prices." (emphasis in original). <u>See</u> Docket No. 238, p. 12.  Hence, there is no inconsistency between the Government's approval of surcharge prices and the prosecution of illicit antitrust agreements that merely involve bunker-fuel surcharges.  Further, for these same reasons, the Court finds no reason to deem the challenged statutory arrangement vague. These requests are **DENIED**.

### V. REQUEST TO DISMISS THE INDICTMENT BECAUSE THE SURCHARGE ALLEGATIONS ARE TIME BARRED

The applicable statute of limitations for the case at bar is five (5) years.  <u>See</u> 18 U.S.C. § 3282(a).  Therefore, as the indictment was filed on March 21, 2013, Defendant's alleged criminal conduct must have persisted at least until March 21, 2008 in order for the indictment to be timely.  The indictment avers that the charged conspiracy ended on April 17, 2008, which was when the Government conducted a search of Crowley's headquarters.  Conversely, Defendant contends that, with respect to surcharges, the last act of the alleged price-fixing conspiracy occurred, at the latest, on March 14, 2008. Defendant takes this date from the Government's preliminary exhibit list.  However, as previously alluded to, "[w]hen grading an indictment's sufficiency, . . . '[w]hat counts . . . are the charging paper's *allegations* which we must assume are true.'" <u>Guerrier</u>, 669 F.3d at 3-4 (emphasis in original) (citing <u>Bohai Trading Co.</u>, 45 F.3d at 578 n. 1); <u>see also</u> <u>Boyce Motor Lines</u>, 342 U.S. at 343 n. 16 ("It should not be necessary to mention the familiar rule that, at this stage of the case, the allegations of the indictment must be taken as true.").

- 7 -

Therefore, devoid of evidence at this pretrial stage, the Court must rely on the allegations of the indictment.  Hence, prior to trial, the indictment's April 17, 2008 date must prevail over Defendant's speculatory proffer.  Defendant's timeliness argument is hereby **DENIED**.

## VI.   CONCLUSION

For all of the foregoing reasons, Defendant's omnibus motion to dismiss the indictment, see Docket No. 133, is hereby **DENIED** on all fronts.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of April, 2015.

/s/ DANIEL R. DOMINGUEZ
DANIEL R. DOMINGUEZ
U.S. District Judge